UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| KENT ANTHONY Easley, | ) |
| | ) |
| Petitioner, | ) |
| vs. | ) No. 1:11-cv-280-SEB-TAB |
| | ) |
| SUPERINTENDENT, Plainfield Correctional Facility, | ) |
| | ) |
| Respondent. | ) |

**Entry Concerning Selected Matters**

**I.**

The petitioner's current custodian, as shown in the caption of this Entry, is **substituted** as the sole respondent.

**II.**

Petitioner Easly again seeks habeas corpus relief with respect to his conviction for drug offenses in the Shelby Superior Court in No. 73D01-0004-CF-000028. "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott,* 512 U.S. 849, 856 (1994). This authority is conferred by Rule 4 of the *Rules Governing Section 2254 Cases in United States District Courts,* which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." *See Small v. Endicott,* 998 F.2d 411, 414 (7th Cir. 1993). This may be an appropriate case for such a disposition.

**A.**

It is known from the face of his habeas petition and from the disposition in a civil rights action, No. IP 01-1015-C-B/S, that Easley pled guilty to drug charges in the prosecution resulting in the conviction he now challenges. He does not challenge the validity of his guilty plea, but does assert that there were Fourth Amendment violations. Because Easley pled guilty, he "'may only attack the voluntary and intelligent character of the guilty plea by showing that the advice [s]he received'" was constitutionally ineffective. United *States v. Villegas 388* F.3d 317, 322 (7th Cir. 2004) (citing *Hill v. Lockhart,* 474 U.S. 52, 56 (1985)); *see also Tollett v. Henderson*, 411 U.S. 258, 267 (1973)(once petitioner pleads guilty, "[ ]he may only challenge the voluntary and intelligent nature of the guilty plea by showing that the advice [ ]he received from counsel was not

within acceptable standards."). Stated otherwise, an unconditional guilty plea waives any non-jurisdictional defects that may have occurred prior to the plea. *United States v. Elizalde-Adame*, 262 F.3d 637, 639 (7th Cir. 2001).

**B.**

Insofar as Easley seeks federal habeas relief based on asserted Fourth Amendment violations, he has only a limited right to do so.

In *Stone v. Powell,* 428 U.S. 465 (1976), the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* at 495; *see Cabrera v. Hensley,* 324 F.3d 527, 530 (7th Cir. 2003)(quoting *Stone* at 494). *Stone's* rationale is based on the minimal police deterrence effect that would result from applying the exclusionary rule to habeas proceedings. *See Hampton v. Wyant,* 296 F.3d 560, 562-64 (7th Cir. 2002).

**C.**

"A necessary predicate for the granting of federal habeas relief . . . is a determination by the federal court that [petitioner's] custody violates the Constitution, laws, or treaties of the United States." *Rose v. Hodges,* 423 U.S. 19, 21 (1975). Easley's habeas petition suggests that he may have abandoned his pursuit of his habeas claim in the Indiana state courts. In addition, there is virtually no factual basis given for Easley's assertion in his habeas petition that the trial court lacked jurisdiction over him.

**III.**

Because Easley's habeas petition appears on its face to be deficient based on the circumstances discussed in Part II.A., II.B. and II.C. of this Entry, he shall have **through March 21, 2011**, in which to **show cause** why it should not be summarily dismissed pursuant to *Rule 4.*

**IT IS SO ORDERED.**

Date: 03/10/2011

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Kent Easley
#103481-18
Plainfield Correctional Facility
727 Moon Rd.
Plainfield, IN 46168