**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| KENT A. EASLEY, | ) |
| | ) |
| Petitioner, | ) |
| vs. | ) No. 1:11-cv-280-SEB-TAB |
| | ) |
| SUPERINTENDENT, Plainfield | ) |
| Correctional Facility, | ) |
| | ) |
| Respondent. | ) |

**Entry Concerning Selected Matters**

For the reasons explained in this Entry, the post-judgment motions of habeas corpus petitioner Kent Easley are each denied.

**Background**

This action in which Kent Easley, a state prisoner, sought a writ of habeas corpus was dismissed on July 29, 2011. In the language of the *Judgment*:

> Any challenge to the revocation of the petitioner's probation on August 8, 2008, is dismissed without prejudice. All other claims are dismissed with prejudice.

The portion of the habeas petition which was dismissed with prejudice was Easley's challenge to the validity of his conviction— based on his guilty plea—to drug offenses in the Shelby Superior Court in No. 73D01-0004-CF-000028. The court concluded that the habeas petition showed on its face that Easley was not entitled to the relief he sought and was therefore subject to summary dismissal pursuant to Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Courts*.

On December 21, 2011, Easley filed a *motion for leave to re-open, amend after dismissal based on newly discovered evidence* and two ancillary motions pertaining to

the portion of the Judgment dismissing the habeas petition with prejudice. Easley's challenge to the revocation of his probation has been filed and docketed as No. 1:11-cv-1276-JMS-DKL.

Easley's *motion to re-open and amend* seeks to renew and expand on his challenge to the conviction in No. 73D01-0004-CF-000028. As noted above, the habeas claim relating to the conviction, in contrast to the habeas claim relating to the revocation of his probation, was dismissed with prejudice.

## Discussion

*The Motion to Re-open*

The date a post-judgment motion is filed is significant. *See Hope v. United States,* 43 F.3d 1140, 1142 (7th Cir. 1994). Given the timing of the motion relative to the entry of judgment on the clerk's docket, the motion must be treated as a motion for relief from judgment pursuant to Rule 60(b) of the *Federal Rules of Civil Procedure. See United States v. Deutsch,* 981 F.2d 299, 301 (7th Cir. 1992) ("substantive motions to alter or amend a judgment served more than ten days after the entry of judgment are to be evaluated under Rule 60(b).").[1]

Relief from judgment under Rule 60 is warranted "only upon a showing of extraordinary circumstances that create substantial danger that the underlying judgment was unjust." *Margoles v. Johns,* 798 F.2d 1069, 1073 (7th Cir. 1986).

Under *Gonzalez v. Crosby,* 545 U.S. 524 (2005), a Rule 60(b) motion is a second or successive petition if it "in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone,* 464 F.3d 1213, 1215 (10th Cir. 2006). "Conversely, it is a 'true' 60(b) motion if it . . . challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application." *Id.,* at 1215-16. Thus, when faced with a Rule 60(b) motion filed in response to the denial of a petition for habeas relief, the district court must first determine whether the motion "should be treated as a second or successive habeas petition [or whether] it should be treated as a 'true' 60(b) motion." *Id.,* at 1215.

In *Gonzalez,* the Supreme Court held that a state prisoner may not rely on Rule 60(b) to raise a claim in federal habeas proceedings that would otherwise be barred as second or successive under § 2254. "[F]or purposes of [28 U.S.C.] § 2244(b) an 'application' for habeas relief is a filing that contains one or more 'claims.'" *Id.* at 530 (citations omitted). The Court then provided guidance as to when a Rule 60(b) motion advances one or more "claims." *Id.* at 531-32. Specifically,"[a] motion that seeks to add a new ground for relief" advances a claim, as does a motion that "attacks

---

[1]The current version of Rule 59 of the *Federal Rules of Civil Procedure* permits a Rule 59(e) motion to be filed within 28 days after the entry of judgment.

the federal court's previous resolution of a claim on the merits. *Id.* However, "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," courts should not construe the motion as a second or successive petition. *See id.*

Easley's *motion to re-open* asserts what he characterizes as proposed new claims for relief based on newly discovered evidence. These proposed new claims are based on alleged irregularities and errors in the state proceedings.

*Gonzalez* defines "claim" to include a federal habeas court's previous resolution of a claim on the merits. Applying this portion of *Gonzalez* here, it must be concluded that Easley is advancing one or more "claims" as defined by *Gonzalez*. Because of this, and because Easley is not permitted to circumvent the filing restriction of § 2244(b), his *motion to re-open* must be treated as a new civil action.

### *The Motion to Amend*

The portion of the *motion to re-open and amend* in which Easley seeks leave to amend the petition for writ of habeas corpus must be denied. *See Figgie Int'l, Inc. v. Miller,* 966 F.2d 1178, 1179 (7th Cir. 1992) ("It is well settled that after a final judgment, a plaintiff may amend a complaint under Rule 15(a) only with leave of court after a motion under Rule 59(e) or Rule 60(b) has been made and the judgment has been set aside or vacated.").

### *The Motion for Leave to Compel Documents*

Easley's motion for leave to compel documents is without merit because this action is not being reopened. Discovery was not authorized while this action was open and is not warranted in this post-dismissal phase. If a similar motion is appropriate in relation to the new action to be filed pursuant to directions in this Entry, however, Easley may file such motion, although discovery is permitted in an action for habeas corpus relief not as a matter of course, but only upon a showing of good cause.

### *The Motion for Leave for Stay of Proceedings*

Easley's motion for leave for stay of proceedings seeks issuance of an order in this case staying post-conviction proceedings in the trial court. There is neither legal nor factual reason for the issuance of such a stay.

## Conclusion

Based on the discussion in this Entry, the petitioner's motion for leave to compel documents [25], the petitioner's motion for leave to re-open, amend after dismissal based on newly discovered evidence [26], and the petitioner's motion for leave for stay of proceedings [27] are each **denied**.

For the same reasons, moreover, the petitioner's motion for leave to re-open based on newly discovered evidence [26] shall be docketed as the habeas petition in a new civil action on the clerk's civil docket. The NOS of the new action is 530, the cause of action in the new action is 28:2254(a), and a copy of this Entry shall also be docketed in the new civil action. The assignment of judicial officers in the new civil action shall be by random draw. The *petitioner* in the new action shall be Kent Easley and the *respondent* is Easley's custodian, the Superintendent of the Plainfield Correctional Facility.

**IT IS SO ORDERED.**

Date: 01/24/2012

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Kent Easley
DOC # 103481
Plainfield Correctional Facility
Inmate Mail/Parcels
727 Moon Road
Plainfield, IN 46168